Middleton, J.
The Probate Court found that the evidence did not establish a gift of the automobiles from decedent to the daughter either causa mortis or inter vivos. That finding was based largely upon the *291 fact that the decedent did not completely surrender dominion and control over the automobiles. The Probate Court then concluded and held that, notwithstanding the provisions of Section 6290-4, General Code (Section 4505.04, Revised Code), the equitable title was vested in decedent upon the theory of resulting trust.
The Court of Appeals in its opinion found that the issuance of certificates of title to the daughter raised a presumption of gift which was not overcome by the evidence. That court further found that, even if the resulting trust theory could be applied, the administrator had not made the requisite proof to establish a resulting trust.
This court finds no way to answer the question here posed except by construing and applying Section 6290-4, General Code (Section 4505.04, Revised Code), which provides:
“No person acquiring a motor vehicle from the owner thereof, whether such owner be a manufacturer, importer, dealer or otherwise, hereafter shall acquire any right, title, claim, or interest in or to said motor vehicle until he shall have had issued to him a certificate of title to said motor vehicle, or delivered to him a manufacturer’s or importer’s certificate for the same; nor shall any waiver or estoppel operate in favor of such person against a person having possession of such certificate of title or manufacturer’s or importer’s certificate for said motor vehicle for a valuable consideration. No court in any case at law or in equity shall recognise the right, title, claim, or interest of any person in or to any motor vehicle, hereafter sold or disposed of, or mortgaged or encumbered, unless evidenced by a certificate of title or manufacturer’s or importer’s certificate duly issued, in accordance with the provisions of this chapter.” (Emphasis supplied.)
The drastic character of this statute and its far- *292 reaching effect become more apparent with the passing of time. New and troublesome problems constantly arise under it. This court shares the reluctance of trial and appellate courts to adopt all the changes in long settled law, which the literal construction of this statute requires. Except for the effect of the statute we could agree that the evidence warrants the conclusion that the decedent transferred the automobiles or caused them to be transferred to the daughter under circumstances raising an inference that he intended to have transferred to her a bare legal title and not to give her the beneficial interest. Such would be a typical case of resulting trust. However, the statute is before us. We can not ignore it.
In considering whether there was a gift, we can not find the answer in the evidence regarding the exercise of dominion and control over the automobiles, if the common-law standard of proof has been abrogated by this statute.
This statute says two things in clear and unambiguous language: (1) No person acquiring a motor vehicle shall acquire any right, title, claim or interest in it until he shall have had issued to him a certificate of title. No certificate of title was issued to the decedent. (2) No court in any case at law or in equity shall recognize the right, title, claim or interest of any person in or to any motor vehicle, etc., unless evidenced by a certificate of title. The only certificates of title issued are in the name of the daughter.
In view of this statute, how can a court entertain evidence to contradict the certificate of title? How can a court find that the equitable title is in someone' other than the holder of the certificate of title? All courts are forbidden, either in law or equity, to recognise any right, claim or interest, as well as any title, unless evidenced by a certificate of title.
It has been urged that the General Assembly did not *293 intend tlie results which seem inevitable under this statute. This argument is supported by citing the purpose of the Ohio Certificate of Title Act as being “to prevent the importation of stolen motor vehicles and thefts and frauds in the transfer of title to motor vehicles.” There is much force to this argument but it does not change the language of the statute. It may also be observed that the accomplishment of the purpose above set forth might necessitate and justify an act so broad and so drastic that it would affect conduct and fields of activity not included within the scope of the primary objective. Furthermore, if the common law of resulting trusts, so far as motor vehicles are concerned, has been abrogated by this statute, such' result is not wholly bad. If the title must be considered as vested in the one whose name appears in the certificate (in the absence of fraudulent conduct on the part of the holder such as would cause the certificate to be voidable), then fraudulent concealment of ownership is prevented. To that extent the statute operates to prevent fraud.
Then, too, the practical result — which is to require all motor vehicles to be registered in the names of the real owners and to make valid certificates of title conclusive as to ownership and title — works no real hardship upon anyone.
Further discussion of the statute will serve no purpose. Borrowing the expression from a recent opinion of a judge of the Court of Appeals, we suggest that the meaning of the statute does not gain in clarity by prolixity of statement.
Though not entirely in accord with our wishes, the conclusion is inescapable that the common law of resulting trusts is completely abrogated, so far as motor vehicles are concerned, by Section 6290-4, General Code (Section 4505.04, Revised Code), and such is our decision.
*294 It is to be noted that neither fraud nor theft is involved in the instant ease. This decision will not control in a situation where the facts may warrant a decision that a certificate of title under the Ohio act is voidable on account of fraud.
For the reasons hereinabove stated, the judgment of the Court of Appeals is affirmed.

Judgment affirmed.

Weygandt, C. J., Taft, Zimmerman, Stewart and Lamneck, JJ., concur.
Hart, J., concurs in paragraphs one, two and four of the syllabus and in the judgment.